# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MICHAEL THOMPSON-JONES,

      Plaintiff,

   -vs-          Case No. 13-CV-241

SHERIFF GOSSAGE, CAPTAIN MALCOMSON,
LT. STEFFEN, and CHAPLAIN CARRIE,

      Defendants.

# ORDER

   The plaintiff has filed a motion for appointment of counsel.  He asserts that he is not knowledgeable about the law and has more complaints to bring regarding constitutional violations at the Brown County Jail.  The plaintiff further asserts that he is indigent and has tried to find an attorney on his own.

   The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).  As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own.  *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).  If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to

coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

In this case, the plaintiff asserts that he attempted to obtain a lawyer on his own. However, he has submitted a comprehensive complaint and multiple additional filings. The plaintiff's filings reveal that he is competent to proceed on his own at this time. Thus, his motion for counsel will be denied.

The plaintiff has also filed a motion to add additional complaints which appears to seek adding claims to this case. However, the plaintiff is advised that if he wants to amend the complaint he must file a motion to amend the complaint along with a proposed amended complaint. Any amended complaint must reproduce the entire complaint as amended, and may not incorporate any prior complaint by reference. Civil L. R. 15(a) (E.D. Wis.). A motion to amend the complaint must state specifically what changes are sought by the proposed amendments and the proposed amended complaint must be filed as an attachment to the motion to amend. Civil L.R. 15(b) (E.D. Wis.).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for appointment of counsel (Docket # 9) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to add additional complaints (Docket # 13) is **denied**.

2

**IT IS FURTHER ORDERED** that the Clerk's Office send the plaintiff a pro se guide, Answers to Prisoner Litigants' Common Questions.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2013.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**

3